In re GENERAL MOTORS CORP.
DEX–COOL PRODUCTS LIA-
BILITY LITIGATION

Kim Dochwat, et al. v. General
Motors Corp., S.D. Illinois,
C.A. No. 3:03-410

Michael Gutzler, et al. v. General
Motors Corp., W.D. Missouri,
C.A. No. 4:03-408

No. 1562.

Judicial Panel on Multidistrict Litigation.

Nov. 14, 2003.

Before WM. TERRELL HODGES,
Chairman, JOHN F. KEENAN, BRUCE
M. SELYA, JULIA SMITH GIBBONS,
D. LOWELL JENSEN, J. FREDERICK
MOTZ and ROBERT L. MILLER, Jr.,
Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of two
actions: one action each in the Southern
District of Illinois and the Western Dis-
trict of Missouri.[1]  Before the Panel is a
motion, pursuant to 28 U.S.C. § 1407, by
defendant General Motors Corp. (GM) to

---

1. The Panel has been notified that six related
actions have been filed as follows: two ac-
tions in the Southern District of Illinois, and
one action each in the District of Massachu-
setts, the District of New Jersey, the Northern
District of New York, and the Southern Dis-
trict of Texas.  These actions and any other
related actions will be treated as potential
tag-along actions.  See Rules 7.4 and 7.5,
R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

**1382**

centralize the actions in this litigation in the Southern District of Illinois for coordinated or consolidated pretrial proceedings. The Illinois and Missouri plaintiffs agree that centralization is appropriate there.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Southern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common factual questions arise because these actions focus on allegations that the Dex–Cool engine coolant in certain GM vehicles[2] caused significant damage to the vehicles and/or did not perform as warranted. Centralization under Section 1407 is thus necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings (such as those regarding class certification), and conserve the resources of the parties, their counsel and the judiciary.

■ We agree with all parties to these actions that the Southern District of Illinois is an appropriate transferee district for this litigation. This district is centrally located in relation to the parties, anticipated documents and witnesses, and the actions included in the motion as well as potential tag-along actions. Also, three of the eight presently pending actions are already there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action pending outside the Southern District of Illinois is transferred to that district and, with the consent of that court, assigned to the Honorable G. Patrick Murphy for coor-

dinated or consolidated pretrial proceedings with the action pending there.

**2.** While the complaints do not delineate which GM vehicles have Dex–Cool coolant, it has apparently been used since 1996 as the factory-fill coolant in various Pontiac, Buick, GMC, Oldsmobile, Chevrolet and Cadillac cars, trucks, minivans and sport utility vehicles.